UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. FRIEDRICH LU,<br><br>      Plaintiff,<br><br>v.<br><br>MARIELENA GAMBOA-RUIZ and TRUSTEES of TUFTS COLLEGE,<br><br>      Defendants. | Civil Action 1:18-cv-10105-IT |

MEMORANDUM AND ORDER
February 13, 2019

TALWANI, D.J.

I. Introduction

Before the court are the Motion to Dismiss Plaintiff's Complaint [#26] by Defendant Trustees of Tufts College ("Trustees") and the Motion to Dismiss Plaintiff's Complaint [#33] by Defendant Marielena Gamboa-Ruiz.

II. Dismissal Pursuant to Fed. R. Civ. P. 41(b)

Defendants move to dismiss Plaintiff Friedrich Lu's complaint under Fed. R. Civ. P. 41(b). Under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss [an] action or any claim against it." Defendants point to a 2002 order requiring Lu to "attach to any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts: (1) a copy of this Order, and (2) a certification, signed under the pains and penalties of perjury, that he has complied in good faith with this Order" ("March 2002 Order"). Memorandum and Order at 17, Lu v. Harvard University et al., No. 00-cv-11492-MLW (D. Mass. Mar. 29, 2002) (Wolf, J.), Dkt. 49.

Lu does not dispute that he did not comply, but contends that the March 2002 Order "has nothing to do with this case" because Tufts was not a party in the proceedings before Judge Wolf. Opp. Mot. Dismiss [#29] at 2.

That the Defendants were not parties to the 2002 case is of no consequence. As Judge Wolf explained in 2002, the parties Lu sues "must incur the costs associated with responding to Lu's allegations each time he files a new case. Lu's complaints have also significantly burdened the state and federal court systems and their limited resources." Lu, No. 00-cv-11492-MLW, Dkt. 49 at 15. These concerns are heightened here. Defendant Trustees pointed out Lu's failure to comply with Judge Wolf's order in a prior *qui tam* action Lu brought against Trustees. See Mem. In Support of Mot. Dismiss at 8, Lu v. Samra et al., No. 17-cv-10119-IT (D. Mass. Nov. 6, 2017) (Talwani, J.), Dkt. 31. The court nonetheless considered Lu's claim and carefully explained why Lu could not bring a *qui tam* action without counsel. Lu v. Samra et al., No. 17-cv-10119-IT, 2018 WL 283891, at *1 (D. Mass. Jan. 3, 2018), on appeal, U.S. ex rel. Lu v. Samra, No. 18-1213 (1st Cir.). Undeterred, and without regard to the court's prior rulings or the burden imposed on the parties he sues or on the court, Lu again seeks to bring a *qui tam* action, without counsel, against Trustees.

Lu has been warned repeatedly that failure to comply with the March 2002 order could result in sanctions, including dismissal. See e.g. Lu v. Menino, 98 F.Supp.3d 85, 109 (D. Mass. 2015) (warning Lu that "[i]n the event plaintiff continues to violate the March [2002] Order by filing a complaint in this district without attaching the March [2002] Order and without complying with the certification requirement, he is advised that such conduct may result in a sanction, including a monetary sanction or a stricter bar to filing cases in this district."); Lu v. Niles, 16-cv-12220-FDS, 2017 WL 3027251, at *2 (D. Mass. July 17, 2017) (stating that "[i]n light of Lu's continued recalcitrance in the face of multiple warnings, defendant would have a

strong argument that the 'harsh sanction' of dismissal under Rule 41(b) should be imposed in this case" citing Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007).

Here, where Plaintiff not only has disregarded the March 2002 Order, but affirmatively asserts that the order "has nothing to do with this case," and where he seeks to relitigate issues Defendant Trustees have previously been forced to defend against, the court finds that dismissal for failure to comply with the March 2002 Order is an appropriate sanction. Accordingly, the court grants Defendants' motion to dismiss pursuant to Rule 41(b).

III.  Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Although dismissal is appropriate under Rule 41(b), in light of "concerns of justice, including the strong presumption in favor of deciding cases on the merits," Malot, 478 F.3d at 43, the court considers in the alternative whether Plaintiff's complaint could withstand scrutiny under Rule 12(b)(6).

*A. The Allegations in the Complaint*

Lu alleges that in 2014, he became a patient of Dr. Gamboa-Ruiz of Tufts Dental Associates ("Tufts Dental"). Compl. ¶ 3. Lu alleges that Gamboa-Ruiz "decided" that he needed root canal, and Lu prepaid for the procedure, which was to occur on a different date. Id. On the date of the scheduled procedure, however, Gamboa-Ruiz allegedly "removed the amalgam filling, made a diagnosis of hairline fracture, and refused to proceed [. . .]." Id. The complaint alleges that Lu "plead[ed] with Gamboa-Ruiz to complete the root canal, but she instead filled the crown with a stopgap [. . .] and went on weeks-long vacation." Id. Lu claims that in the intervening time, he returned to Tufts Dental several times to tell the staff that he needed a root canal, and asking to see a dentist. Id. Lu alleges that Gamboa-Ruiz did not reply to the notes he left, and would not refund any money for the procedure. Id. at 4. Lu wrote demand letters to Tufts Dental and to Gamboa-Ruiz, to which he received no reply. Id. Finally,

Lu received a check from the Trustees in the amount of half his deposit. Id. at 5. Lu alleges that he later learned that his tooth was fractured in halves, that Tufts Dental was a "front" for Defendant Trustees, and that although Gamboa-Ruiz was not allowed to practice independently, she saw patients paid by Medicaid and Medicare at Tufts College, but not at Tufts Dental. Id. at 6.

    A.    *Qui Tam* Claim

Count 1 of the complaint, brought on behalf of the United States, alleges a violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.* Trustees and Gamboa-Ruiz move to dismiss this count because plaintiff is proceeding *pro se*.[1] A *pro se* plaintiff cannot bring a *qui tam* action under First Circuit law. Nasuti v. Savage Farms Inc., No. 14-1362, 2015 WL 9598315, at *1 (1st Cir. Mar. 12, 2015). The rationale for this rule is that a relator in a False Claims Act action brings suit on behalf of the government, and *pro se* litigants may not bring suit on behalf of others. Id. at *7.

Based on this prohibition on representation of the government by *pro se* litigants, Count 1 of the Complaint [#1] against all Defendants is subject to dismissal under Rule 12(b)(6).

    B.    Lanham Act Claim

In his Opposition to the Tufts' Motion to Dismiss [#29], Lu concedes dismissal of Count 2, which alleges a claim under the Lanham Act. See Opp. ¶ 4 ("A heading in Memorandum 9 reads: 'Lu's Complaint Fails to State a Claim for Violation of the Lanham Act.' *Lexmark International, Inc v. Static Control Components, Inc* (2014) 572 US 118 is on point, and Lu concedes dismissal of that count."). Accordingly, Count 2 is subject to dismissal on

---

[1] In accordance with 31 U.S.C. § 3730(b)(1) and the government's request in its Notice of Election to Decline Intervention, see Order [#12], the court requested a response from the United States. Elec. Order [#36]. The United States responded that it supports dismissal of the complaint, without prejudice with respect to the government. Gov. Resp. Mot. Dismiss [#38].

4

Defendants' unopposed motion.

    *C.*    RICO Claim

Lu alleges that defendants participated in wire fraud and racketeering in violation of Racketeer Influenced and Corrupt Organizations ("RICO"). See 18 U.S.C. §§ 1962(a)(c)(d) and 1964(c) and 18 U.S.C. § 1343. To make out a claim under RICO, a plaintiff must allege (1) conduct, (2) of an enterprise (3) through a pattern, (4) of racketeering activity. See Giuliano v. Fulton, 399 F.3d 381, 386 (1st Cir. 2005).

To prove wire fraud, Lu must show a scheme to defraud, the defendant's knowing and willful participation in the scheme with the intent to defraud, and the use of interstate wire communications. Lu must also show that he was injured in his business or property by reason of the fraud. In the First Circuit, wire fraud allegations must also be alleged with Fed. R. Civ. P. 9(b) particularity. See Feinstein v. Resolution Trust Corp., 942 F.2d 34, 42 (1st Cir. 1991). Lu's complaint fails to assert any of the required elements of a wire fraud allegation under RICO. He does not allege any details regarding a time, place or content of alleged write fraud, nor details regarding any scheme to defraud. Because Lu's complaint fails to allege Count 3 with specificity, let alone the particularity required by Rule 9(b), Count 3 of the Complaint [#1] against all Defendants is subject to dismissal under Rule 12(b)(6).

    *D.*    State Claims

Defendants argue that the court should decline to exercise jurisdiction over Lu's state claims if the federal claims have been dismissed. A court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); Rivera Díaz v. Humana Ins. of P.R., Inc., 748 F.3d 387, 392 (1st Cir. 2014).

Accordingly, because Lu's federal claims are subject to dismissal under Rule 12(b)(6), and because there is no judicial economy in retaining jurisdiction, the state law claims are subject to dismissal as well.

### E. Attorney's Fees and Costs

Defendants also seek reasonable attorney's fees and costs, pursuant to 31 U.S.C. § 3730(d)(4), 15 U.S.C. § 1117(a) and Fed. R. Civ. P. 11, on the grounds that Lu's claims are frivolous, vexatious, and/or brought primarily for the purposes of harassment. Although Lu's federal claims are frivolous and vexatious, the court finds it is unlikely that he will be able to provide any fees. The court hereby DENIES this request.

## IV. Conclusion

Lu's complaint is DISMISSED pursuant to Rule 41(b) for failing to comply with the March 2002 order. Count 1 of Lu's complaint, a *qui tam* claim, is also subject to dismissal for lack of representative capacity to bring a *qui tam* action. Count 2 is also subject to dismissal as the motion to dismiss is unopposed. Count 3 is also subject to dismissal because Lu's complaint fails to state a claim of RICO and wire fraud, pursuant Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b). Lu's remaining claims are also subject to dismissal as the court would decline to exercise supplemental jurisdiction over Lu's state claims.

The dismissal of the federal claims is with prejudice as to Lu, and without prejudice as to the United States. The dismissal of the state law claims is without prejudice.

IT IS SO ORDERED.

Date: February 13, 2019                  <u>Indira Talwani</u>
                                              United States District Judge